IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**KEITH LEE FRYE,**

    **Plaintiff,**

**v.**                                                        **Civil Action No. 2:13-cv-07796**

**CAROLYN COLVIN,**
**ACTING COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

This is an action seeking review of the final decision of the Commissioner of Social Security denying Plaintiff's application for benefits under the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  By Standing Order entered April 19, 2013 (ECF No. 4), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  On April 11, 2013, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).  On April 11, 2013, Plaintiff filed his Complaint in this matter (ECF No. 2).  By Order and Notice entered April 24, 2013, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to serve the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure (ECF No. 5).  Electronic Summonses were issued on April 24, 2013 (ECF No. 6).  On March 26, 2014, the undersigned entered a Notice of Failure to Make Service Within 120 Days to Plaint6iff, which advised him that this civil action would be dismissed

without prejudice within ten days of the filing of the notice unless he could demonstrate good cause to the Court why service was not made within the 120 days period of time (ECF No. 7).

On April 4, 2014, Plaintiff filed a Response to Notice of Failure to Make Service Within 120 Days (ECF No. 8-1). Plaintiff asserts that he mistakenly believed that the summons along with the complaint was electronically mailed to the Defendant. Plaintiff states that his office failed to print and mail a hardcopy to the Defendant because he mistakenly believed the electronic copy served the same purpose as mandated that filings be in electronic format. (*Id.*) Plaintiff argued that Defendant had constructive notice of the complaint being filed and its contents. Plaintiff stated that he "can and will file the documents immediately upon approval of this Honorable Court."

## Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a *pro se* plaintiff's failure to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> Dismissal of Actions. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provision for dismissal of actions under Fed. R. Civ. P. 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to discuss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

i. The degree of personal responsibility of the plaintiff;
ii. The amount of prejudice caused the defendant,
iii. The existence of a history of deliberately proceeding in a dilatory fashion, and
iv. The existence of a sanction less drastic than dismissal.

*Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this care are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Plaintiff therefore, is the sole cause of the delays in this action. Plaintiff was directed, pursuant to Rule 4 of the Federal Rules of Civil Procedure, to serve a copy of the Summons and Complaint on the Defendant (ECF No. 5). Plaintiff has neither effectuated service within the 120 day period pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, nor demonstrated good cause for his failure to do so and dismissal is proper for this reason. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The Fourth Circuit has held that the 1983 amendments to the Federal Rules of Civil Procedure were part of a new scheme for service that was intended principally to relieve United States Marshals of the burden and expense of serving summonses. *Mendez v. Elliot*, No. 94-1529 (Maryland, January 25, 1995). The Court stated that in transferring the burden of service to

the litigants and imposing on them a 120 day period for service, the amendments also serve to encourage more efficient, speedy and inexpensive litigation. (*Id.*)

Court typically find good cause to extend the Rule 4(m) time limit where "external factors [] stifle a plaintiff's due diligence in effecting service." *McCollum v. Genco Infrastructure Solutions*, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010, *quoting T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996). Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, presented service. *Clyburn v. Champagne*, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012)("Courts typically find good cause to extend the Rule 4(m) time limit where external factors stifle a plaintiff's due diligence in effecting service."); Counsel's negligent failure to perfect service does not support a showing of good cause. *McCollum v. GENCO Infrastructure Solutions*, 2010 WL 5100495 at *2 (E.D. Va., 2010), *citing United States v. Sea Bay Dev. Corp.*, No. 6-624, 2007 WL 1378544 (E.D. Va. May 8, 2007)).

The particular circumstances of this case do not warrant a lesser sanction. An assessment of fines, costs or damages against Plaintiff would be futile in view of his inability to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of the undersigned's Order advising Plaintiff that his failure to show good cause for failure to make service would result in a dismissal of this matter without prejudice (ECF No. 7). Because Plaintiff's responsibility for the delay and failure to prosecute was solely due to his lack of attention and action, it is recommended that this action be dismissed without prejudice.

## Proposal and Recommendation

The undersigned hereby respectfully PROPOSES that the District Court confirm and accept the foregoing findings and RECOMMENDS that the District Court DISMISS Plaintiff's

Complaint (ECF No. 2) without prejudice for failure to prosecute and REMOVE this matter from the Court's docket. Although Plaintiff responded to the undersigned's Notice of Failure to Make Service within 120 Days, he failed to show good cause for the failure to prosecute within the time period allowed.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause show.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date: August 5, 2015.

Dwane L. Tinsley
United States Magistrate Judge